UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TAHIR LEMRABOTT,

                  Petitioner,                      Case No. 1:26-cv-1697

v.                                        Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                  Respondent.

_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to immediately release Petitioner. (Pet., ECF No. 1, PageID.25–26.)

In an Order entered on May 29, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on June 1, 2026, (ECF No. 5),

and a recording of the April 24, 2026, bond hearing on May 29, 2026. (Recording of Apr. 24, 2026,

Bond Hearing, filed on May 29, 2026.) On June 8, 2026, Petitioner filed his reply (ECF No. 6).

## II.      Factual Background

Petitioner is a native and citizen of Mauritania. (Pet., ECF No. 1, PageID.7.) Petitioner

entered the United States in 2024 without inspection. Op., *Lemrabott v. Lyons* (*Lemrabott I*), No.

1:26-cv-853 (W.D. Mich. Apr. 20, 2026) (ECF No. 9). On February 4, 2026, ICE agents arrested

Petitioner. *Id.*

On March 16, 2026, Petitioner filed his first § 2241 petition challenging his initial detention

without a bond hearing in *Lemrabott I*. In *Lemrabott I*, the Court conditionally granted Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide

Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of

the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from

custody. Op. & J., *Lemrabott I*, (W.D. Mich. Apr. 20, 2026), (ECF Nos. 9, 10.).

On April 24, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Order

Immigration Judge, *Lemrabott I*, (W.D. Mich. Apr. 28, 2026) (ECF No. 11-1). At the conclusion

of that hearing, the Immigration Judge denied Petitioner's request for bond in a written order,

stating:

> Denied because[:]
>
> On April 24, 2026, a bond hearing was held. Exhibits 1 – 3 were admitted. The
> Court also took administrative notice of the Notice to Appear and the [Petitioner]'s
> I-589 application that are contained in the removal proceedings.
>
> The [Petitioner] is from Mauritania and entered the United States illegally on or
> about February 6, 2024. The [Petitioner] is approximately 29 years old.
>
> The bond record does not contain any evidence that the [Petitioner] was ever
> arrested for a crime, convicted of a crime, or was ever subject to any warrants. The
> bond record does not contain any records that show the [Petitioner] has failed to

appear for any court hearings. The bond record does not contain any evidence that the [Petitioner] missed any immigration appointments.

However, the [Petitioner] has only been in the United States for approximately 2 years and 2 months. Based on some of the letters of support, the [Petitioner] has been working in Michigan at Amazon for approximately 2 years. The bond exhibits do not contain any other financial records or employment records in the [Petitioner]'s name to corroborate an income and stable employment.

The [Petitioner] does not have a spouse, parent, or child who is a United States Citizen or Lawful Permanent Resident. He does have an uncle in the United States that is a United States citizen and according to the bond exhibits the [Petitioner] was not living with his uncle prior to detention. The bond record does not demonstrate that the [Petitioner] has strong property ties to the United States. The [Petitioner] lacks ties to the United States.

The [Petitioner] has two individuals who are willing to sponsor the [Petitioner]. Both are United States citizens. His uncle is one of the sponsors and, based on the sponsors' letters at Exhibit 3, his uncle is the only one who will provide a place for the [Petitioner] to live if he is released. The [Petitioner]'s uncle listed in the letter the address will be in Michigan. Exh. 3. The [Petitioner] works in Michigan, but the uncle's driver's license was included in Exhibit 3. This driver's license was issued on August 2, 2025, and contains an address in Indianapolis, Indiana. Exh. 3. Also, there were some 2025 tax records filed, and the [Petitioner]'s uncle appears to have a Kentucky address. The uncle appears to have lived in Michigan for a short period of time, and no other records were filed to demonstrate the uncle lives at the address in the letter. Exh. 3. The [Petitioner] did not live with his uncle prior to his detention. No other records were filed to show the [Petitioner] had a fixed or stable address prior to his detention. *Id*.

The only relief available to the [Petitioner] in Immigration Court is his I-589 application for asylum and withholding of removal. The [Petitioner] has filed an I-589 application in his removal proceedings that remains pending. The [Petitioner] is single and does not have any children. Based on the timing and manner of the [Petitioner]'s entry in the United States, the [Petitioner] is subject to the Circumvention of Lawful Pathways Rule, which creates a presumption of ineligibility for asylum. The exhibits do not demonstrate that the rule does not apply or that an exception applies. The [Petitioner]'s eligibility for relief in immigration court is weak and his path to lawful status in immigration court is speculative.

Based on the above, the Court finds the bond record fails to demonstrate the [Petitioner] is not a flight risk. The Court finds the [Petitioner] is a flight risk and that no monetary bond would mitigate any risk of flight. Accordingly, the [Petitioner]'s request for a bond is denied.

(*Id*.)

3

### III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### V.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

4

**Conclusion**

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:        June 25, 2026                    /s/ Jane M. Beckering
                                               Jane M. Beckering
                                               United States District Judge

5